

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. R. L. Armstrong
County Auditor
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-7511

Re: Authority of the Commissioners'
Court to appoint an assistant
County Attorney to assist the
County Attorney in the general
performance of his duties other
than the prosecution of tax
suits, and related questions.

We have given careful consideration to your letter of
November 14, 1946, requesting our answer to the following questions:

"(1). Does the Commissioners' Court of Tom Green
County have the authority to appoint an assistant
County Attorney to assist the County Attorney in the
general performance of his duties, other than the pro-
secution of tax suits?

"(2). Is it the obligation of the County to pay
the premium on the bond of such Assistant County Attorney?

"(3). If your answer to my first question is in the
affirmative, what are the salary limits for such assistant
and out of what fund should the same be paid?"

Article 3902, V.A.C.S., provides in part as follows:

"Whenever any district, county or precinct officer
shall require the services of deputies, assistants or
clerks in the performance of his duties he shall apply to
the County Commissioners' Court of his county for autho-
rity to appoint such deputies, assistants or clerks,
stating by sworn application the number needed, the posi-
tion to be filled and the amount to be paid. Said
application shall be accompanied by a statement showing
the probable receipts from fees, commissions and compen-

Hon. R. L. Armstrong - Page 2

sation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:. . ."

The unambiguous language contained in the foregoing Article without question empowers the County Commissioners' Court to authorize the County Attorney to appoint an assistant County Attorney, who, upon taking the constitutional oath of office, is clothed with all the powers and authority of the County Attorney. See Art. 331, Revised Statutes. Therefore, we have answered your first question in the affirmative.

Sec. (b) of Article 3899, V.A.C.S., from which we quote in part, reads as follows:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies. . ."

Thus, when official bonds are required to be executed by deputy or assistant county officials, the county is liable for the premium expense involved therein. However, we know of no law requiring an assistant County Attorney to execute an official bond. Therefore, we answer your second question in the negative.

320

Article 3902, Section 3, V.A.C.S., provides:

"In counties having a population of thirty-seven thousand five hundred and one (37,501) and not more than sixty thousand (60,000) inhabitants, first assistant or chief deputy not to exceed Twenty-one Hundred ($2100.00) Dollars per annum; other assistants, deputies or clerks not to exceed Eighteen Hundred ($1800.00) Dollars per annum each. Provided that nothing in this Act shall be construed as repealing or affecting Section 2 of H. B. No. 694, Chapter 315, Acts 1935, Forty-fourth Legislature, page 724."

Section 9 of Article 3902, supra, authorizes the County Commissioners' Court, under proper circumstances, to increase the compensation of a deputy, assistant or clerk in the additional amount not to exceed twenty-five percent (25%) of the sum allowed under the law for the fiscal year of 1944, providing the total compensation authorized under the law for the fiscal year of 1944 did not exceed $3600.00.

You have advised us in your letter of November 14, 1946, requesting our opinion on the foregoing matters, that the population of Tom Green County, as determined by the last Federal Census, is thirty-nine thousand three hundred and two (39,302). We have failed to discover any specific authorization for salaries to be paid to assistant County Attorneys of a county having the population of Tom Green County and, therefore, we resort to the general provisions of law providing for the employment of assistants to county officers, Article 3902, Section 3, supra, to answer your third question. It follows, therefore, that if the assistant County Attorney is deemed to be the first assistant, he may be paid an annual salary not to exceed Twenty-one Hundred ($2100.00) Dollars; if he is an assistant County Attorney, he may be paid a salary not to exceed Eighteen Hundred ($1800.00) Dollars per annum unless the County Commissioners' Court under the authority of Article 3902, Section 9, supra, elects to increase the foregoing maximum salary limitation by an amount not to exceed twenty-five percent (25%). The salary of the assistant County Attorney would be paid out of the Officers' Salary Fund.

Trusting that the foregoing will be of assistance to you, we remain

APPROVED DEC 17 1946

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY Stewart W. DeVore
Assistant

SWDeV:djm